UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

NEIL F. GILLOTTI,

                          Plaintiff,

              v.

UNITED STATES OF AMERICA,

                          Defendant.
_____

REPORT
and
RECOMMENDATION

21-CV-404JLS(F)

APPEARANCES:       NEIL F. GILLOTTI, *Pro Se*
                           6379 Robinson Road, Apt. 8
                           Lockport, New York  14094

                           TRINI E. ROSS
                           UNITED STATES ATTORNEY
                           Attorney for Defendant
                           MICHAEL S. CERRONE
                           Assistant United States Attorney, of Counsel
                           Federal Centre
                           138 Delaware Avenue
                           Buffalo, New York  14202

## **JURISDICTION**

This case was referred to the undersigned by Honorable John L. Sinatra, Jr. on September 17, 2021, for all pretrial matters including preparation of a report and recommendation on dispositive motions. The matter is presently before the court on Defendant's motion to dismiss for lack of jurisdiction (Dkt. 5), filed July 9, 2021.

## **BACKGROUND**

Plaintiff Neil F. Gillotti ("Plaintiff"), proceeding *pro se*, commenced this action on March 18, 2021, seeking a declaration from this court that Plaintiff no longer must

register under the Sex Offender Registration and Notification Act, 34 U.S.C. § 20901 ("SORNA"),[1] Complaint ¶¶ 18-28 ("First Claim" or "Declaratory Relief Claim"), and a "pre-enforcement" claim "prohibiting future federal prosecution" for Plaintiff's failure to comply with SORNA. *Id*. ¶¶ 29-41 ("Second Claim" or "Pre-enforcement Claim"). On July 9, 2021, Defendant United States of America ("Defendant"), filed the instant motion ("Defendant's Motion"), seeking to dismiss the Complaint pursuant to Fed.R.Civ.P. 12(b)(1) ("Rule 12(b)(1)"), for lack of jurisdiction, supported by Defendant United States of America's Memorandum of Law in Support of Motion to Dismiss (Dkt. 6) ("Defendant's Memorandum"). On July 28, 2021, Plaintiff filed Plaintiff's Response to Defendant United States of America's Memorandum of Law in Support of Motion to Dismiss and/or Request for Leave to Amend Complaint (Dkt. 8) ("Plaintiff's Response"). On August 20, 2021, Defendant filed Defendant United States of America's Reply Memorandum of Law in Support of Motion to Dismiss (Dkt. 9) ("Defendant's Reply").

On October 4, 2021, Plaintiff filed Plaintiff's Notice of Supplemental Authority (Dkt. 11) (Plaintiff's First Supplemental Authority"), and on October 8, 2021, Defendant filed Defendant United States of America's Response to Plaintiff's Supplemental Authority (Dkt. 12) ("Defendant's Response to First Supplemental Authority"). On January 3, 2022, Plaintiff filed Plaintiff's Second Notice of Supplemental Authority (Dkt. 13) ("Plaintiff's Second Supplemental Authority"), and on February 9, 2022, Defendant filed Defendant United States of America's Response to Plaintiff's Second Filing of Supplemental Authority (Dkt. 14) ("Defendant's Response to Second Supplemental Authority"). On March 21, 2022, Plaintiff filed Plaintiff's Third Notice of Supplemental

---

[1] The court notes Plaintiff's motion to proceed *in forma pauperis*, filed March 18, 2021 (Dkt. 2), remains pending.

Authority and Request for Ruling (Dkt. 15) ("Plaintiff's Third Supplemental Authority"), requesting the court rule on Defendant's Motion.  A remark entered March 22, 2022, terminates Plaintiff's request for a ruling contained within Plaintiff's Third Supplemental Authority.  Oral argument was deemed unnecessary.

Based on the following, Defendant's Motion should be GRANTED.

## **FACTS**[2]

In 2008, Plaintiff Neil F. Gillotti ("Plaintiff"), then 19 years old, was serving in the United States Air Force ("USAF" or "the Air Force") at a military base in England, when military personnel discovered child pornography located on Plaintiff's computer.  Plaintiff admitted to being in possession of the child pornography and was convicted by plea to sexual exploitation of a child in violation of Article 134 of the Uniform Code of Military Justice ("UCMJ"), 10 U.S.C. § 934 ("military conviction").  On June 9, 2010, Plaintiff was sentenced on the conviction to 22 months confinement with a bad conduct discharge ("bad conduct discharge"), with the military judge ("the military judge"), recommending Plaintiff be eligible for the "return-to-duty-program" ("RTDP"), which would allow Plaintiff to re-enlist in the Air Force, despite the military conviction and bad conduct discharge.  On appeal, Plaintiff's sentence of confinement was reduced to 11 months.  Plaintiff's sentence did not include any term of supervised release nor require Plaintiff complete a sex offender treatment program; Plaintiff, however, while in custody, voluntarily participated in a sexual assault prevention program.  Plaintiff was released from custody on December 27, 2010, and applied for, but was denied, entry into the RTDP allegedly because of his bad conduct discharge status.

---

[2] The Facts are taken from the Complaint and motion papers filed in this action.

It is undisputed that Plaintiff's military conviction requires Plaintiff register under the federal Sex Offender Notification and Registration Act ("SORNA"), as a "Tier I sex offender" for a period of 15 years,[3] but the relevant SORNA provisions permit reducing the 15 years to 10 years if Plaintiff meets the conditions for a "clean record" set forth in 34 U.S.C. § 20915(b).  Plaintiff became eligible for the clean record reduction on December 27, 2020.  On August 13, 2018, Plaintiff underwent a sexual risk assessment conducted by Michael E. Rutter, Ph.D. ("Dr. Rutter"), who opined Plaintiff did not need specialized sex offender treatment or supervision.

Plaintiff alleges that the nature of his conviction and his requirement to register as a sex offender has interfered with his ability to obtain and maintain employment, and that he would prefer to re-enlist in the Air Force.  Petitioner asserts that he has been advised by an Air Force recruitment officer ("the recruitment officer"), that to successfully re-enlist in the Air Force, Plaintiff first needs to petition the Discharge Review Board to upgrade his discharge status,[4] which requires establishing Plaintiff's progress, productivity, and rehabilitation since his release from custody on December 27, 2010.  The recruitment officer further advised Plaintiff that Defendant's termination of Plaintiff's duty to register as a Tier I sex offender for the full 15 years anticipated under SORNA, pursuant to SORNA's clean record reduction, would have a tremendous impact on the Discharge Review Board's decision to upgrade Plaintiff's discharge status.

---

[3] Plaintiff is also required to register as a level two sex offender pursuant to New York's Sex Offender Registration Act, although Plaintiff does not challenge that registration requirement in the instant case.
[4] Plaintiff does not further explain what is meant by an "upgrade" to his discharge status, yet implies his discharge would be "upgraded" from a "bad conduct" discharge to something less nefarious which would not preclude Plaintiff's re-enlistment in the Air Force.

**DISCUSSION**

**1.      Overview of Sex Offender Registration and Notification Act ("SORNA")**

To assist the reader, the court provides a brief overview of the Sex Offender Registration and Notification Act ("SORNA" or "the Act"), 34 U.S.C. § 20901 *et seq*. SORNA was enacted to "establish[ ] a comprehensive national system for the registration of [sex] offenders." *United States v. Lott*, 750 F.3d 214, 216 (2d Cir. 2014). SORNA "'requires those convicted of certain sex crimes to provide state governments with (and to update) information, such as names and current addresses, for inclusion on state and federal sex offender registries.'" *Id*. (quoting *Reynolds v. United States,* 565 U.S. 432, 434 (2012)).  SORNA further "'makes it a crime for a person who is 'required to register' under the Act and who 'travels in interstate or foreign commerce' to knowingly 'fai[l] to register or update a registration.'"" *Id.* (quoting *Reynolds*, 565 U.S. at 434) (alteration in original) (quoting 18 U.S.C. § 2250(a))).

A convicted sex offender like Plaintiff must comply with the Act's registration requirements "for the full registration period" which, for a Tier I sex offender like Plaintiff, is 15 years.  34 U.S.C. § 20915(a)(1).  SORNA also contains a so-called "clean record" provision that allows for the reduction of a sex offender's registration period provided the sex offender, for the prescribed period, maintains a clean record including

(A)   not being convicted of any offence for which imprisonment for more than one year may be imposed;
(B)   not being convicted of any sex offense;
(C)   successfully completing any periods of supervised release, probation, and parole; and
(D)   successfully completing of [*sic*] an appropriate sex offender treatment certified by a jurisdiction or by the Attorney General.

34 U.S.C. § 20915(b).

For Tier I sex offenders, including Plaintiff, maintaining a "clean record" allows for shortening the registration period by five years, *i.e.*, from 15 years to 10 years. 34 U.S.C. § 20915(b)(3)(A).

Plaintiff asserts two claims for relief under SORNA. Plaintiff's First Claim seeks a declaratory judgment that he qualifies for a five-year reduction in his Tier I SORNA sex registration period, from 15 years to 10 years under 34 U.S.C. § 20915(b) and (c). First Claim. Plaintiff's Second Claim seeks a court order "prohibiting future federal prosecution" for an anticipated failure to comply with SORNA's registration requirements insofar as Plaintiff is also required to comply with New York SORA's requirements which are less onerous than SORNA's requirements and does not restrict Plaintiff's travel outside the United States. Second Claim. Defendant moves to dismiss both claims for lack of subject matter jurisdiction.

**2.      Subject Matter Jurisdiction**

It is basic that district courts lack subject matter jurisdiction if the suit at issue lacks a federal statutory or constitutional basis for adjudication by the court. *Cortlandt St. Recovery Corp. v. Hellas Telecommsunications I, S.à.r.l.*, 790 F.3d 411, 416-17 (2d Cir. 2015) ("A district court properly dismisses an action under Fed.R.Civ.P. 12(b)(1) for lack of subject matter jurisdiction if the court "lacks the statutory or constitutional power to adjudicate it...."). A dismissal for lack of standing "is one for lack of subject matter jurisdiction, and without jurisdiction, the district court lacks the power to adjudicate the merits of the case." *Faculty, Alumni, and Students Opposed to Racial Preferences v. New York University*, 11 F.4th 68, 78 (2d Cir. 2021). Nor does a court have subject matter jurisdiction over a claim that is not ripe. *National Park Hospitality Ass'n v. Dep't*

*of Interior*, 538 U.S. 803, 808-09 (2003) ("The ripeness doctrine is 'drawn both from Article III limitations on judicial power and from prudential reasons for refusing to exercise jurisdiction,'" (quoting *Reno v. Catholic Social Services, Inc.,* 509 U.S. 43, 57, n. 18 (1993) (citations omitted)). A plaintiff has the burden to demonstrate the court has subject matter jurisdiction over the suit, *Cooke v. United States*, 918 F.3d 77, 80 (2d Cir. 2019) ("The plaintiff bears the burden of proving subject matter jurisdiction by a preponderance of the evidence." (internal quotation omitted)), and the court may consider facts outside the record to determine its jurisdiction. *Id.* ("To resolve jurisdictional issues, we may consider affidavits and other materials beyond the pleadings, but we cannot rely on conclusory or hearsay statements contained in the affidavits.").

### A.  First Claim – Declaratory Relief

As stated, Plaintiff's First Claim seeks a declaratory judgment that he qualifies for a five-year reduction in his Tier I SORNA sex registration period, from 15 years to 10 years, under 34 U.S.C. § 20915(b) and (c). First Claim. Defendant argues in support of dismissal of the First Claim that sovereign immunity, which Defendant has not waived with regard to SORNA, precludes Plaintiff's action against the United States, Defendant's Memorandum at 4-6, SORNA does not provide for a private right of action, *id*. at 6-7, this court has never had jurisdiction over Plaintiff's criminal case, *id*. at 7-8, and the court lacks jurisdiction to issue what would be an advisory opinion. *Id*. at 8-9.

#### 1.  Independent Cause of Action

Preliminarily, although not raised by the parties, the court addresses Plaintiff's couching his First Claim for declaratory judgment as a "claim" for relief. The Declaratory

7

Judgment Act, 28 U.SC. § 2201 ("DJA"), provides that "[i]n a case of actual controversy within its jurisdiction," a federal court may "declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201. A "controversy" within the meaning of the DJA exists only between "parties having adverse legal interests." *Velvet Underground v. Andy Warhol Found. for the Visual Arts, Inc.*, 890 F. Supp. 2d 398, 403 (S.D.N.Y. 2012) (quoting *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007)). The request for a declaratory judgment thus is not a cause of action, but a request for a remedy that does not exist independent of a plausible underlying claim for relief. *See Chevron Corp. v. Naranjo*, 667 F.3d 232, 244 (2d Cir. 2012) ("The DJA is procedural only, and does not create an independent cause of action[.]") (internal quotation marks and citations omitted).

Plaintiff's First Claim thus should be DISMISSED for lack of jurisdiction. *See Naranjo*, 667 F.3d at 245 (dismissing RJA claim for lack of jurisdiction where the underlying statute on which the claim was based did not provide a "valid legal predicate for judicial action"). Because this action is before the court for Report and Recommendation, the court considers in the alternative Defendant's arguments in support of dismissal of the First Claim for lack of jurisdiction.

### 2. Sovereign Immunity

Defendant argues in support of dismissal of the First Claim that sovereign immunity, which Defendant has not waived with regard to SORNA, precludes Plaintiff's action against the United States. Defendant's Memorandum at 4-6. In opposition, Plaintiff argues the United States waived is immunity from suit under the Administrative

8

Procedure Act, 5 U.S.C. § 701, *et seq*. ("APA"), which permits judicial review of non-discretionary agency action, Plaintiff's Response at 2, and Congress has directed the United States Attorney General interpret and implement SORNA's guidelines which include the required registration duration. *Id*. at 2-3. In further support of dismissal, Defendant first observes Plaintiff does not dispute that SORNA lacks an express waiver of sovereign immunity permitting a civil action against the United States to reduce SORNA's registration requirement for sex offenders, Defendant's Reply at 2, and that the APA does not waive the United States' sovereign immunity, *id*., nor has Plaintiff alleged an APA claim that is ripe for review. *Id*.

"In any suit in which the United States is a defendant, there must be a cause of action, subject matter jurisdiction, and a waiver of sovereign immunity." *Presidential Gardens Assocs. v. U.S. ex rel. Sec'y of Hous. & Urb. Dev.*, 175 F.3d 132, 139 (2d Cir. 1999). "The waiver of sovereign immunity is a prerequisite to subject-matter jurisdiction . . ." *Id*. (quoting *United States v. Mitchell,* 463 U.S. 206, 212 (1983)). Further, "[t]he sovereign immunity of the United States may only be waived by federal statute," *id*. (citing *Millares Guiraldes de Tineo v. United States,* 137 F.3d 715, 719 (2d Cir.1998)), and it is the plaintiff's burden to demonstrate sovereign immunity has been waived, *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). In the instant case, there are only two possible statutory bases for a waiver of sovereign immunity, including SORNA and the APA.

That SORNA does not expressly waive sovereign immunity is not disputed. Defendant's Memorandum at 5-6; Defendant's Reply at 2 (observing Plaintiff does not dispute SORNA lacks an express waiver of sovereign immunity). Further, insofar as

9

Plaintiff maintains that Defendant has impliedly waived sovereign immunity by operation of the APA which "embodies a 'basic presumption of judicial review,'" Plaintiff's Response at 2-3 (quoting *Abbott Labs. v. Gardner*, 387 U.S. 136, 140 (1967)), "[t]he APA permits judicial review of federal agency action only where 'there is no other adequate remedy in a court.'" *Commissiong v. United States Dep't of Hous. & Urb. Dev.*, 2022 WL 1715978, at *1 (2d Cir. May 27, 2022) (quoting 5 U.S.C. § 704). Further, review under the APA is "narrow" and limited to setting aside agency action that is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." *Karpova v. Snow*, 497 F.3d 262, 267 (2d Cir. 2007) (citing 5 U.S.C. § 706(a)(A)).

In the instant case, not only does Plaintiff fail to raise in the Complaint the APA as a source of its First Claim, but Plaintiff also fails to allege any facts he ever pursued seeking the clean record reduction with the military court in which Plaintiff was convicted and sentenced, or in any other applicable venue. Accordingly, Plaintiff has failed to allege any facts that could be construed as a final agency action by Defendant that can be subject to juridical review under the APA as "arbitrary and capricious, an abuse of discretion, or otherwise not in accordance with law," *Karpova*, 497 F3d at 267, rendering this claim not ripe for review. *See Sharkey v Quarantillo*, 541 F.3d 75, 89 (2d Cir. 2008) (citing *Nat'l Park Hospitality Ass'n*, 538 U.S. at 808 ("Ripeness is a justiciability doctrine designed to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements over administrative policies, and also to protect the agencies from judicial interference until an administrative decision has been formalized and its effects felt in a concrete way by the challenging parties." (internal quotation marks and citations omitted)). Significantly, "the question of ripeness

may be considered on a court's own motion. *Id*. (citing *Reno,* 509 U.S. at 57 n. 18 (further citation omitted)).  Plaintiff therefore has failed to plead facts establishing any APA claim is ripe for review, and he thus lacks standing for such claim over which the court is without jurisdiction.

Plaintiff's First Claim seeking declaratory judgment thus should be DISMISSED as barred by Defendant's sovereign immunity.

### 3. Private Right of Action

Defendant moves to dismiss Plaintiff's First Claim for lack of jurisdiction because SORNA does not provide for a private right of action.  Defendant's Memorandum at 6-7.  In opposition, Plaintiff urges the court to find Congress impliedly intended a private right of action by pointing to language in the regulations promulgated for SORNA's application.  Plaintiff's Response at 3-5.  In further support of dismissal for lack of jurisdiction, Defendant maintains Plaintiff, by relying on an "implied" right of action, Plaintiff concedes SORNA does not expressly provide for a private right of action, Plaintiff's Reply at 2, and that SORNA's statutory language and overall statutory scheme, and implementing regulations fails to support any implied right of action under SORNA.  *Id*. at 2-6.  As Defendant observes, Defendant's Reply at 2, Plaintiff has conceded that SORNA does not expressly provide for a private right of action.  Accordingly, the court considers only whether SORNA implies a private right of action.

"'[P]rivate rights of action to enforce federal law must be created by Congress.'" *Republic of Iraq v. ABB AG*, 768 F.3d 145, 170 (2d Cir. 2014) (quoting *Alexander v. Sandoval,* 532 U.S. 275, 286 (2001)).  Where, as here, a federal statute does not expressly create a private right of action, a court may consider "whether a statute

11

confers an implied private right of action." *Id*. In doing so, "'[t]he judicial task is to interpret the statute Congress has passed to determine whether it displays an intent to create not just a private right but also a private remedy.'" *Republic of Iraq*, 768 F.3d at 170 (quoting *Alexander*, 532 U.S. at 286))*.* Congressional intent is discerned by "'look[ing] first to the text and structure of the statute,'" *id*. (quoting *Lindsay v. Association of Professional Flight Attendants,* 581 F.3d 47, 52 (2d Cir.2009), *cert. denied,* 561 U.S. 1038 (2010)), as well as the factors enumerated in *Cort v. Ash,* 422 U.S. 66 (1975), including,

> First, is the plaintiff one of the class for whose *especial* benefit the statute was enacted, ...—that is, does the statute create a federal right in favor of the plaintiff? Second, is there any indication of legislative intent, explicit or implicit, either to create such a remedy or to deny one?.... Third, is it consistent with the underlying purposes of the legislative scheme to imply such a remedy for the plaintiff?

*Id.* at 78 (emphasis in *Cort*, 422 U.S. at 78) (internal quotation marks omitted). Further, "[i]n our analysis, we are mindful that 'the Supreme Court has come to view the implication of private remedies in regulatory statutes with increasing disfavor.'" *Id*. (quoting *Hallwood Realty Partners, L.P. v. Gotham Partners, L.P.,* 286 F.3d 613, 618 (2d Cir.2002)). In the instant case, a review of SORNA fails to establish Congress intended an implied private right of action.

With regard to the first factor, that SORNA was passed to "establish[ ] a comprehensive national system for the registration of [sex] offenders," *Lott*, 750 F.3d at 216, supports only that SORNA was intended to benefit victims and potential victims of sex offenders, rather than convicted sex offenders like Plaintiff. As for the second factor requiring an indication of legislative intent to create or deny a remedy, and the third factor concentrating on consistency with the "underlying purposes of the legislative

scheme," the Supreme Court recognizes that "the federal sex-offender registration laws have, from their inception, expressly relied on state-level enforcement." *Carr v. United States*, 560 U.S. 438, 452 (2010).  Further, the relevant implementing regulations require a sex offender to register and keep his registration current in each jurisdiction in which the offender resides, is an employee, or is a student." 28 C.F.R. § 72.4.  Significantly, each of the 50 states is a "jurisdiction" for purposes of SORNA.  34 U.S.C. § 20911(10)(A).  Accordingly, SORNA's statutory scheme and the implementing regulations strongly imply that the legislative intent was that the remedy Plaintiff seeks is to be obtained in state, rather than federal, court.  *See*, *e.g.*, *Carr*, 560 U.S. at 452 ("In enacting SORNA, Congress preserved this basic allocation of [state-level] enforcement responsibilities.").  Accordingly, there is no basis on which to find Congress intended an implied right of action for enforcement of SORNA's clean record reduction provision in this court.

### 4. Jurisdiction Over Criminal Action

Defendant argues this court has never had jurisdiction over Plaintiff's criminal case and, thus, has no jurisdiction over the supervision of Plaintiff's registration pursuant to SORNA, and that the cases on which Plaintiff relies, attached as exhibits to the Complaint, including *United States v. Melden*, No. 5:04-CR-00136-BR-1 (E.D.N.C. Mar. 1, 2018) ("*Melden*"), and *United States v. Davidovic*, No. 1-04-20771-CR-HUCK (S.D. Fla. Sept. 27, 2018) ("*Davidovic*"), were criminal actions that originated in federal court, in contrast to Plaintiff's conviction in military court, and Plaintiff was released from federal custody after the completion of his military sentence.  Defendant's Memorandum at 7-8.  In opposition, Plaintiff argues whether Plaintiff's conviction was obtained in

13

federal or military court is irrelevant to the instant action, and cites additional cases in support, *i.e.*, *United States v. Templin*, 354 F.Supp.3d 1181, 1183 (D.Mont. 2019) ("*Templin*"), and *United States v. Kebodeaux*, 570 U.S. 387 (2013) ("*Kebodeaux*"). Plaintiff's Response at 5-6.  In further support of dismissal, Defendant clarifies that all three cases on which Plaintiff relies, including *Melden*, *Davidovic*, and *Templin*, were criminal actions that originated in federal court, and the SORNA claims were before the court as post-conviction motions rather than, as here, separate civil actions, Defendant's Reply at 5.  As such, there was no reason for the courts to consider whether the Government's sovereign immunity was waived by SORNA, or whether there was an express or implied private right of action under SORNA for the requested reduction in registration requirements, *id*. at 5-6, and *Kebodeaux* is factually distinguishable from the instant case.  *Id*. at 6.

     Insofar as *Melden*, *Davidovic*, and *Templin* concerned, as Defendant argues, Defendant's Reply at 5, post-conviction motions brought in the courts in which the relevant criminal convictions were obtained, whereas the instant case involves a conviction in military court on which Plaintiff predicates his civil action, *Melden*, *Davidovic*, and *Templin* thus do not negate that Defendant did not waive its sovereign immunity to civil suit under SORNA, nor does SORNA provide for a private right of action.  Plaintiff further relies on *Kebodeaux* which concerned whether SORNA could retroactively apply to sex offenders convicted prior to SORNA's passage.  *Kebodeaux*, 570 U.S. at 391-92.  Accordingly, *Kebodeaux* does not support Plaintiff's argument. Because Plaintiff's conviction and sentence were handed down by the military court, rather than in federal court, the court is without jurisdiction over the separate, civil action

seeking relief from registration under SORNA, albeit after completing the sentence imposed by the military court and being released from custody.

### 5. Advisory Opinion

Defendant also argues that because the court lacks of jurisdiction over this action, Plaintiff's claim is not ripe for review, and granting Plaintiff the requested declaratory relief would amount to issuing an advisory opinion. Defendant's Memorandum at 8-9. In opposition, Plaintiff maintains his claim is ripe because he remains subject to SORNA's registration requirements despite qualifying for the clean record reduction. Plaintiff's Response at 6-7. In further support of dismissal, Defendant maintains that "[t]he apparent gist of Plaintiff's claim is that he wants to be relieved of his SORNA registration requirements because he has a job opportunity to work as a delivery driver and that job may involve travel to Canada, which would potentially implicate SORNA's travel restrictions." Defendant's Reply at 6-8.

In opposing dismissal, Plaintiff relies on *United States v. Hyman*, 665 Fed.Appx. 44, 46 (2d Cir. 2016) ("*Hyman*") which is inapposite. In particular, in *Hyman*, the criminally convicted defendant was required to register pursuant to SORNA, prior to completing his sentence of imprisonment. The defendant challenged SORNA's registration requirement as unconstitutional and in excess of Congress's authority requirement and the government contended the claim was not ripe for review because the defendant might never be federally prosecuted for failing to register. *Hyman*, 665 Fed.Appx. at 46. The Second Circuit held the claim was ripe for review because SORNA's registration requirement then applied to the defendant, even if not formally

imposed as a condition of release, such that the defendant suffered "a direct and immediate impact from the challenged policy." *Id*.

In contrast, in the instant case, it is undisputed that Plaintiff has been registering pursuant to SORNA, but Plaintiff is raising a hypothetical argument that should he obtain specific employment that requires international travel for which the timing does not permit strict compliance with SORNA, Plaintiff could face criminal prosecution for violating SORNA. Such scenario is not definite, but merely, at this point, a possibility and, thus, is not ripe for review. Under these circumstances, the court's issuing the requested relief would be tantamount to an advisory opinion which is not permitted. *See Sullivan v. Maha*, 834 Fed.Appx. 619, 622 (2d Cir. 2020) (considering a request for an advisory opinion as "impermissible," and quoting *Zarda v. Altitude Express, Inc.*, 883 F.3d 100, 110 (2d Cir. 2018) ("A 'federal court has neither the power to render advisory opinions nor to decide questions that cannot affect the right of litigants in the case before them.'")).

Defendant's Motion should be GRANTED as to Plaintiff's First Claim which should be DISMISSED for lack of jurisdiction.

### B.     Second Claim – Pre-enforcement

Plaintiff seeks a court order "prohibiting future federal prosecution" for an anticipated failure to comply with SORNA's registration requirements, asserting Plaintiff is also required to comply with New York SORA's requirements which are less onerous than SORNA's requirements and do not restrict Plaintiff's travel outside the United States. Complaint, Second Claim. Defendant argues the court is without jurisdiction over this claim because Plaintiff has not sustained any injury warranting the court's

16

jurisdiction and exercise of the court's remedial powers on Plaintiff's behalf. Defendant's Memorandum at 9-13.  In opposition, Plaintiff contends he faces an imminent threat of prosecution based on his intention, asserted in the Complaint, to engage in a course of conduct, *i.e.*, traveling internationally for employment purposes, such that SORNA's registration requirements affect an unconstitutional impact on Plaintiff's freedom of movement.  Plaintiff's Response at 7-9.  In further support of dismissal, Defendant argues the putative threat of prosecution for violating SORNA's registration requirements is too "amorphous" to support standing for this claim. Defendant's Reply at 8.

      A dismissal for lack of standing "is one for lack of subject matter jurisdiction, and without jurisdiction, the district court lacks the power to adjudicate the merits of the case." *Faculty, Alumni, and Students Opposed to Racial Preferences*, 11 F.4th at 78. Plaintiff's Second Claim essentially argues SORNA is unconstitutional because it interferes with Plaintiff's freedom of movement and right to travel.  The Second Circuit, however, has rejected this argument.  In *United States v. Holcombe*, 883 F.3d 12 (2d Cir. 2018), the Second Circuit observed that in enacting SORNA, "Congress wanted to make sure sex offenders could not avoid all registration requirements just by moving to another state."  *Id*. at 18 (quotation marks and citations omitted).  As such, "the burdens imposed by the registration scheme narrowly serve the Government's compelling interest in addressing 'the deficiencies in prior law that had enabled sex offenders to slip through the cracks,'" *id*. (quoting *Carr*, 560 U.S. at 455), and SORNA's registration requirements did not violate the plaintiff's right to travel.  *Id*.

Accordingly, Plaintiff's lacks standing to pursue his Second Claim. Defendant's Motion should be GRANTED with regard to the Second Claim, which should be DISMISSED for lack of jurisdiction.

### 3. Dismissal Without Prejudice

Although not addressed by the parties, "[a] dismissal for lack of jurisdiction 'must be without prejudice rather than with prejudice.'" *Donnelly v. Controlled Application Review and Resolution Program Unit*, __ F.4th __; 2022 WL 2125075, at * 9 (2d Cir. 2022) (quoting *Faculty, Alumni, and Students Opposed to Racial Preferences*, 11 F.4th 68, 78 (2d Cir. 2021)). Such dismissal for lack of subject matter jurisdiction is without prejudice because "'without jurisdiction the district court lacks the power to adjudicate the merits of the case.'" *Faculty, Alumni, and Students Opposed to Racial Preferences*, 11 F.4th at 78 (quoting *Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 54 (2d Cir. 2016)). Accordingly, the dismissal of the instant Complaint for lack of jurisdiction over either of its two claims should be without prejudice.

## CONCLUSION

Based on the foregoing, Defendant's Motion (Dkt. 5) should be GRANTED; the complaint should be DISMISSED without prejudice.

Respectfully submitted,

/s/ *Leslie G. Foschio*
_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:   June 30, 2022
         Buffalo, New York

**ORDERED** that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days of service of this Report and Recommendation in accordance with the above statute, Rules 72(b), 6(a) and 6(d) of the Federal Rules of Civil Procedure and Local Rule 72.3.

**Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.** *Thomas v. Arn,* 474 U.S. 140 (1985); *Small v. Secretary of Health and Human Services,* 892 F.2d 15 (2d Cir. 1989); *Wesolek v. Canadair Limited,* 838 F.2d 55 (2d Cir. 1988).

Let the Clerk send a copy of this Report and Recommendation to the Plaintiff and attorneys the Defendants.

SO ORDERED.

/s/ *Leslie G. Foschio*
_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:   June 30, 2022
         Buffalo, New York