UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

NEIL F. GILLOTTI,

        Plaintiff,

        v.                                21-cv-404 (JLS) (LGF)

UNITED STATES OF AMERICA,

        Defendant.

_____

## DECISION AND ORDER

Plaintiff Neil F. Gillotti, proceeding *pro se*, commenced this action on March 18, 2021, seeking a declaration that his duty to register under the Sex Offender Registration and Notification Act, 34 U.S.C. § 20901 ("SORNA"), be reduced and terminated pursuant to 34 U.S.C. § 20915(b). Dkt. 1. In the alternative, Gillotti seeks a pre-enforcement order prohibiting future federal prosecution for Plaintiff's failure to comply with the SORNA registration requirements. *Id.*

## PROCEDURAL BACKGROUND

On September 17, 2021, this Court referred the case to United States Magistrate Judge Leslie G. Foschio for all proceedings under 28 U.S.C. §§ 636(b)(1)(A), (B), and (C). Defendant United States of America moved to dismiss the Complaint, pursuant to Fed. R. Civ. P. 12(b)(1), for lack of jurisdiction. Dkts. 5, 6. Gillotti opposed. Dkt. 8. And Defendant replied. Dkt. 9.

On June 30, 2022, Judge Foschio issued a Report and Recommendation ("R&R"), recommending that this Court grant the motion to dismiss. Dkt. 16, at 18.

Judge Foschio concluded that Plaintiff's first claim for declaratory relief should be dismissed for lack of jurisdiction because—although not raised by the parties—it was not based on an independent cause of action, apart from the Declaratory Judgment Act. *Id.* at 7–8. Judge Foschio then considered Defendant's arguments in support of dismissing the claim for lack of jurisdiction—concluding that Plaintiff's claim is barred by sovereign immunity, SORNA does not provide a private right of action, the Court lacks jurisdiction over Plaintiff's criminal case, and Plaintiff's claim is not ripe for review. *Id.* at 8–16. Regarding Plaintiff's second claim—seeking pre-enforcement relief from prosecution for failure to register under SORNA—Judge Foschio concluded that Plaintiff lacked standing and, thus, the claim should be dismissed for lack of jurisdiction. *Id.* at 16–18.

Gillotti objected to the R&R's recommendation that this Court grant Defendant's motion to dismiss. Dkt. 17. Gillotti first objected to the Magistrate Judge's jurisdiction to issue the R&R. *Id.* at 1–2. Regarding his claim for declaratory relief, Gillotti argues that 34 U.S.C. § 20915(b) provides an independent basis for jurisdiction, the United States has waived sovereign immunity under the Administrative Procedure Act ("APA"), 5 U.S.C. § 701, SORNA created an implied right of action, a conviction by a military tribunal—rather than federal district court—does not deprive federal courts from issuing such declaratory relief, and that his claim is ripe for review. Dkt. 17, at 2–9. As to the pre-enforcement claim, Gillotti argues that he has standing to assert it because the threat of prosecution is

not mere speculation. Dkt. 17, at 10–11. Defendant responded in opposition to Gillotti's objections (Dkt. 19), and Gillotti replied in further support (Dkt. 20).

## DISCUSSION

A district court may accept, reject, or modify the findings or recommendations of a magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). A district court must conduct a *de novo* review of those portions of a magistrate judge's recommendation to which a party objects. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). But neither 28 U.S.C. § 636 nor Federal Rule of Civil Procedure 72 requires a district court to review the recommendation of a magistrate judge to which no objections are raised. *See Thomas v. Arn*, 474 U.S. 140, 149–50 (1985).

This Court carefully reviewed the R&R—including the portions to which no party objected—and the relevant record. Based on its *de novo* review, this Court accepts Judge Foschio's recommended disposition of Defendant's motion to dismiss, on the grounds and for the reasons discussed below.

## I.   Magistrate Judge's Jurisdiction

Plaintiff first objects to Magistrate Judge Foschio's jurisdiction to issue the R&R, arguing that Plaintiff never consented to the jurisdiction of a magistrate judge under Fed. R. Civ. P. 73. Dkt. 17, at 1–2. Plaintiff's objection is misplaced. Under 28 U.S.C. §§ 636(b)(1)(B) and (C), a district judge has the authority to designate a magistrate judge to issue a report and recommendation on a dispositive motion, with the district judge retaining the power to make a *de novo* determination if a party objects to the findings in the report and recommendation. By contrast,

Section 636(c) allows the parties to consent to magistrate judge jurisdiction over the entire case, with no right to make objections to the district judge.  This case was referred to Judge Foschio pursuant to §§ 636(b)(1)(B) and (C).  Accordingly, Plaintiff's consent was not required for Judge Foschio to issue the R&R.

## II.    Subject Matter Jurisdiction

### A. Sovereign Immunity

"In any suit in which the United States is a defendant, there must be a cause of action, subject matter jurisdiction, and a waiver of sovereign immunity." *Presidential Gardens Assocs. v. U.S. ex rel. Sec'y of Hous. & Urb. Dev.*, 175 F.3d 132, 139 (2d Cir. 1999).  "The waiver of sovereign immunity is a prerequisite to subject-matter jurisdiction." *Id.*  "Any waiver of the United States' sovereign immunity must be unequivocally expressed in a statute and must be strictly construed in favor of the United States." *FMC Corp. v. United States Env't Prot. Agency*, No. 14-CV-487S, 2017 WL 431809, at *4 (W.D.N.Y. Feb. 1, 2017) (citations omitted).

SORNA does not contain an express waiver of sovereign immunity.  *See generally* 34 U.S.C. § 20901.  Plaintiff's contention that the United States waived sovereign immunity from this suit under the APA lacks merit.  Plaintiff did not allege a claim under the APA, *see generally* Dkt. 1, and, as Judge Foschio noted, Plaintiff "failed to allege any facts that could be construed as a final agency action by Defendant that can be subject to juridicial review under the APA," Dkt. 16, at 10.

## B. <u>Federal Cause of Action</u>

"[W]hen the basis of the action is a federal statute, a federal cause of action must exist as well for a federal court to hear a given claim; the general grant of federal question jurisdiction contained in § 1331, without a federal cause of action, is not enough." *Int'l Union of Operating Eng'rs, Local 150 v. Ward*, 563 F.3d 276, 281–82 (7th Cir. 2009) (citing *Nat'l R.R. Passenger Corp. v. Nat'l Ass'n of R.R. Passengers*, 414 U.S. 453, 456 (1974)). SORNA does not provide an express private right of action. While Plaintiff argues that a private right of action should be implied, there is no indication in the statute that Congress intended to do so. Courts that have considered this issue have repeatedly found that SORNA does not provide an implied private right of action. *See Maben v. Terhune*, No. 16-1025, 2016 WL 9447153, at *4 (6th Cir. Aug. 19, 2016) ("Because SORNA does not provide a private cause of action, [plaintiff's] allegations concerning alleged violations of § 16901 failed to state a claim against the defendants."); *Maben v. Terhune*, No. CIV.A. 14-12899, 2015 WL 1469719, at *6 (E.D. Mich. Jan. 30, 2015) ("SORNA itself provides no private cause of action."); *Wiggins v. United States*, No. 118CV03492TWPDLP, 2019 WL 5079557, at *5 (S.D. Ind. Oct. 10, 2019) ("The Court agrees with the Sixth Circuit and the Eastern District of Michigan that SORNA does not create a private cause of action. . . . There is no indication in the statute that Congress had any intention of creating an implied private cause of action."); *United States v. Studeny*, No. CR11-0180-JCC, 2019 WL 859271, at *2 n.2 (W.D. Wash. Feb. 22, 2019) ("SORNA additionally provides a specific jurisdictional

grant to district courts for violations of its registration requirements, but it does not provide district courts with jurisdiction to reduce the registration period.").

Plaintiff relies on several cases[1] in which federal district courts reduced and terminated SORNA's federal registration requirement pursuant to 34 U.S.C. § 20915(b). But in those cases the courts had retained jurisdiction over defendants' federal criminal convictions that triggered the registration requirement. There, the courts terminated the federal registration requirement in the context of post-conviction proceedings, not in a separate civil suit. *See, e.g., United States v. Templin*, 354 F. Supp. 3d 1181 (D. Mont. 2019); *United States v. Davenport*, No. CR 06-06-M-DWM, 2022 WL 4547652 (D. Mont. Sept. 29, 2022); *United States v. Stovall*, No. 06-CR-00286-REB, 2021 WL 5086067 (D. Colo. Nov. 2, 2021).

*Wiggins v. United States* provides the most on-point analysis. 2019 WL 5079557. There, Wiggins petitioned the federal district court to reduce his federal registration requirement—stemming from a conviction in military court—pursuant to 34 U.S.C. 20915(b). *Id.* at *1. The court dismissed his petition for lack of

---

[1] Gillotti also cites *Gore v. United States*, No. 21-CV-00535-SRB, 2021 WL 4430040 (W.D. Mo. Sept. 27, 2021). Gore was convicted in federal court and required to register under SORNA. *Id.* at *1. Gore filed a civil suit seeking a declaration that he was no longer required to register as a sex offender under federal law. *Id.* To be removed from Missouri's state registry, Gore needed a declaration from the jurisdiction in which he was convicted. *See id.* at *2. The court denied the Government's motion to dismiss for lack of subject matter jurisdiction, explaining that "[s]uch relief would not amount to the Court instructing Missouri on how to conform to its own law as Defendant suggests." *Id.* Because *Gore* goes against the weight of authority on this issue—and does not include any analysis on sovereign immunity or an implied right of action—this Court declines to rely on it.

jurisdiction, concluding that SORNA does not create a private cause of action and that Wiggins had not presented a claim that was ripe. *Id.* at *5.

## CONCLUSION

For the reasons stated above and in the R&R, the Court:

- GRANTS Defendant United States of America's motion to dismiss (Dkt. 5), without prejudice.

The Clerk of Court shall close this case.

SO ORDERED.

Dated:       February 2, 2023
             Buffalo, New York

_____
JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE

7